Wright, J.,
delivered the opinion of the Conrt.
This was an action on the case brought by the plaintiff in error for the seduction of his daughter, on the trial of which, verdict and judgment were rendered against him. His motion for a new trial being overruled, he filed a bill of exceptions, and has appealed in error to this Court.
*135 The defendant pleaded not guilty and accord and satisfaction, upon which the plaintiff took issue. The latter plea was not sustained by the proof.
It appeared in evidence, that the defendant, on the proceedings and application of Sarah M. Sellars — the debauched daughter — in the County Court of Grainger county, had entered into bond and security that the bastard children should not become a county charge.
This appears to have taken place on the 7th of July, 1857. How long this proceeding on the part of the daughter, to have the defendant convicted as the father of her children, had been pending in the County Court, does not appear in the record. But- on the trial in the Circuit Court, the defendant read in evidence a receipt executed by Sarah M. Sellars to him, bearing date of the 19th of May, 1857, in which she acknowledged the payment to her by Kinder of $90, in consideration of all damages, either at law or in equity, which she had sustained in the way of sickness, loss of character, loss of time, loss of charges, or other special or general damages, on account of the bearing, birth, and raising of the two male children — named Enoch Tilman and Enos Tilford — of which the defendant was the father; and she waived and released any and all right or power which she had, or might have, to bring any suit or suits against the defendant because of his being the father of said children. To this receipt the plaintiff was no party, and the proof failed to connect him writh it in any way. The Circuit Judge, in .his charge to the jury, permitted this receipt, and the payment of the $90, to go in mitigation of damages. This was error. No two things can well be more distinct than the father’s claim for *136 damages for tbe seduction of bis daughter, and the allowance made the mother for the support and maintenance of her bastard children. The one cannot be used as a bar to, or in mitigation of the damages justly arising under the other. Whether we regard this receipt as a settlement of the allowance due the mother under the bastardy acts, or of any other claim which she might be supposed to hare against the defendant, it was alike inadmissible and irrelevant against the claim of the plaintiff for damages.
Reverse the judgment, and remand the cause for a new trial.